IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY M. ASHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-033 |
| | ) | |
| JEAN MARIE COLOHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Jean Marie Colohan, Assistant Public Defender; (2) the Richmond County Public Defender's Office; and (3) the State of Georgia. (Doc. no. 1, pp. 1, 4). In his complaint, Plaintiff makes various allegations of "abandonment," negligence, and ineffective assistance of counsel against Defendant Colohan, a public defender for Richmond County. (Id. at 5). Apparently, Defendant Colohan was appointed sometime in 2006 to represent Plaintiff on state charges of aggravated assault and possession of a knife during the commission of a crime. (See id. at 39). According to Plaintiff, his case was supposed to be tried between September 2006 and January 2007 but was placed on the "dead docket" instead. (Id. at 9). However, Defendant Colohan allegedly did not inform Plaintiff of this development or respond to any of Plaintiff's letters or phone calls requesting an update on the status of his case. (Id. at 10).

Moreover, in January 2007, the judge assigned to Plaintiff's case apparently gave the prosecution ninety (90) days to try the case or it would be dismissed. (Id. at 5, 29). According to Plaintiff, Defendant Colohan did not "file anything" once this deadline had expired and closed his file "per office policy" without notifying him, even though she was still assigned to his case. (Id. at 5, 14). Plaintiff states that he contacted various officials regarding Defendant Colohan's alleged "negligent, inadvisable, [and] ineffective" conduct before filing a grievance regarding her actions with "the Bar Association." (Id. at 3, 5). He goes on to maintain that in response to his grievance, Defendant Colohan lied about her communications with Plaintiff during the course of her representation. (Id. at 5).

Plaintiff states that he was able to obtain an "Order of Nolle Prosequi" from "the Bar Association" stating that his case was dismissed in April 2007. (Id. at 5, 39). Plaintiff states that after obtaining this order, he contacted Defendant Colohan to obtain a copy of what he refers to as "the dismissal," without any results. (Id.). He further contends that he is still in prison because of Defendant Colohan's "negligen[ce] and misconduct of due process." (Id.). As relief, Plaintiff requests monetary damages in the amount of "$160,000 per year and $85,000 for any amount of time under a . . . year" to compensate him for the "mental anguish [and] pain and suffering" he has experienced. (Id. at 6).

## II. DISCUSSION

Liberally construing Plaintiff's allegations and giving him the benefit of all reasonable inferences from those allegations, he has failed to state a claim upon which relief may be granted. With respect to Plaintiff's allegations against Defendant Colohan, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West, 487 U.S. at 48 (citations omitted) (emphasis added). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a public defender representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to

represent a criminal defendant was not acting under color of state law). The allegations against Defendant Colohan, Plaintiff's attorney, only pertain to her traditional duties as counsel in Plaintiff's criminal case, and therefore, she was not acting under color of state law. Thus, Plaintiff's claim against Defendant Colohan fails and should be dismissed.[2]

As to Plaintiff's claim against the Richmond County Public Defender's Office, it is well-settled that litigants seeking relief under § 1983 must file suit against a "person" or entity capable of being sued. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Several courts, including district courts within the Eleventh Circuit, have held that county public defender's offices are not "persons" or entities that may be sued under § 1983. See Johnson v. Georgia, Nos. 7:07-CV-119 & 6:06-CV-49, 2007 WL 2594177, at *2 (M.D. Ga. Sept. 5, 2007); Williams v. Scott, No. 1:06-CV-123-MP-AK, 2007 WL 1064068, at *2 (N.D. Fla. Apr. 3, 2007); see

---

[2]To the extent Plaintiff claims he received constitutionally ineffective assistance of counsel, such a claim is improper in this civil rights case, as a writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983); Gardner v. Luckey, 500 F.2d 712, 714 (5th Cir. 1974) (citing Preiser, 411 U.S. at 489-90) (holding that claims of ineffective assistance of counsel could not be asserted in a civil rights action, but rather should be asserted in a habeas corpus proceeding); see also Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Here, even if the Court were to construe Plaintiff's complaint liberally as a petition for a writ of habeas corpus, Plaintiff has not demonstrated that he has exhausted his state court remedies, and this action would still be subject to dismissal.

also Stackhouse v. City of East Orange, No. 07-5502, 2008 WL 4852680, at *5 (D.N.J. Nov. 7, 2008). As Defendant Richmond County Public Defender's Officer may not be sued under § 1983, this claim must fail.

Finally, the State of Georgia is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) (suit against State under § 1983 barred by Eleventh Amendment). Thus, Plaintiff's claim against the State of Georgia also fails and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE