# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

| | |
|---|---|
| TERRY M. ASHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-033 |
| | ) |
| JEAN MARIE COLOHAN, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In his Report and Recommendation, the Magistrate Judge found that Plaintiff had failed to state a claim for relief against any of the named Defendants, specifically finding: (1) Defendant Colohan, Plaintiff's public defender, was not subject to suit under § 1983, since court-appointed attorneys do not act under color of state law; (2) the Richmond County Public Defender's Office was not an entity capable of being sued under § 1983; and (3) the State of Georgia was immune from suit under § 1983. (See doc. no. 10, pp. 3-5) (citations omitted). Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and that this civil action be closed. (Id. at 5).

In lieu of filing objections to the Report and Recommendation, Plaintiff filed a motion to dismiss, seeking to voluntarily dismiss the above-captioned case and requesting "reversal" of fees already paid. (Doc. no. 16). When Plaintiff first filed his lawsuit, he was cautioned

that the Prison Litigation Reform Act provides:

> [T]hat a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

(Doc. no. 4, p. 2). Because of these requirements, Plaintiff was given an opportunity at that time to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1) and not be subjected to a "strike" under 28 U.S.C. § 1915(g). (Id. at 3). Notably, when Plaintiff failed to pay the initial partial filing fee, he was directed to notify the Court of his intentions regarding this case and was given a final opportunity to voluntarily dismiss his complaint so that this case would not count as a "strike" which could later subject Plaintiff to the three-strike dismissal rule. (Doc. no. 8, p. 2). In his response to the Court's Order, Plaintiff stated, "I do want my case to be heard in court," thereby indicating his intent to proceed with this case. (Doc. no. 9). As noted above, the Magistrate Judge has recommended that Plaintiff's complaint be dismissed because it failed to state a claim upon which relief may be granted. Plaintiff cannot now, in an attempt to avoid a "strike," voluntarily dismiss his case.

As to Plaintiff's request that the fees he has already paid be returned to him, when Plaintiff filed this case, the Court granted him permission to proceed *in forma pauperis*, conditioned on the return of his Prison Trust Fund Account Statement and a Consent to Collection of Fees form. (Doc. no. 3, p. 3). The Court advised Plaintiff that by signing the consent form, Plaintiff was giving "his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act." (Id.). Plaintiff was further advised that the entire $350.00 filing fee "must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state

2

a claim, or seeks monetary damages against a defendant who is immune from such relief." (Id. at 2). On April 28, 2009, Plaintiff signed and returned the Consent to Collection of Fees form (see doc. no. 6), thereby authorizing the collection of the entire filing fee from his prison account.[1] Plaintiff was forewarned at the outset of this case that he would be responsible for the entire filing fee even if his case was dismissed for failure to state a claim upon which relief may be granted, which the Magistrate Judge has recommended in this case. Plaintiff has consented to collection of the entire filing fee, and he cannot now demand the return of fees already collected simply because he is dissatisfied with the Magistrate Judge's recommendation. Therefore, Plaintiff's motion seeking to voluntarily dismiss his case and requesting "reversal" of fees already paid is **DENIED**. (Doc. no. 16).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action is **CLOSED**.

SO ORDERED this 27th day of January, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] A review of the docket reflects that the $350.00 filing fee has been paid in full, and the Court has not received any funds in excess of the $350.00 already paid. Accordingly, to the extent Plaintiff believes that more than $350.00 has been collected from his prison account to pay the filing fee and that he is entitled to have these excess funds returned to him, this argument is without merit.

3